# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 5205 | **DATE** | 5/23/2001 |
| **CASE TITLE** | JACKIE WILSON vs. HOWELL, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ■ Status hearing set for 7/13/2001 at 9:30 A.M..
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] It is therefore ordered that the motion to dismiss is granted in part and denied in part.[15] Defendants Johnson, Clark, Falkner and Schonauer are dismissed from this suit. Defendants Howell and Brown remain. The remaining defendants are given 30 days to file their answer. Plaintiff's motion for appointment of counsel is denied without prejudice. [22] His motion for leave to file his response to defendants' motion to dismiss is denied as moot.[23] Plaintiff did not need leave of court to file his response. To the extent that he attempts to convert his response into a motion for summary judgment, said motion is also denied. [23]

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | MAY 25 2001 date docketed | |
| | Notified counsel by telephone. | | |
| ✓ | Docketing to mail notices. | docketing deputy initials | 26 |
| | Mail AO 450 form. | MAY 25 2001 date mailed notice | |
| | Copy to judge/magistrate judge. | | |
| CG | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials |

FILED FOR 01 MAY 24 AM 9:29

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JACKIE WILSON,            )
                          )
           Plaintiff,     )
                          )
   v.                     )   Case No. 00 C 5205
                          )
HOWELL, ET AL.            )
                          )
           Defendants.    )   Judge Ronald A. Guzman

## MEMORANDUM OPINION AND ORDER

The Plaintiff, currently an inmate at Menard Correctional Center, brought this pro se civil rights action pursuant to 42 U.S.C.§1983, claiming that while he was incarcerated at Joliet Correctional Center, the defendants used excessive force against him, failed to provide him with medical treatment, and failed to act on his administrative grievances. This matter is before the court for consideration of the Defendants' motion to dismiss the complaint for failure to state a claim.[1]

DOCKETED
MAY 25 2001

## BACKGROUND

Plaintiff's claims stem from an incident in January, 1999, at the Joliet Correctional

---

[1] Defendant Gregory Howell does not take part in this motion. Therefore, he remains in the suit. According to the docket, both he and defendant Brown were served on February 20, 2001, after defendants filed their motion to dismiss. Since these two defendants were served under seal pursuant to court order, no copy of the return is in the file. No appearance or answer has yet been filed for these defendants; however, counsel seems to be representing defendant Brown in this motion.
  Plaintiff submitted affidavits and other exhibits with his response. Since this is a motion to dismiss the court will not consider such additional evidence.

1



Center. Early one morning, Officers Brown and Howell unlocked Plaintiff's cell so that Plaintiff could get his breakfast. Plaintiff put his trash outside his cell for pickup. Defendant Howell threw some of this trash at plaintiff as he was putting the trash back into Plaintiff's cell. Then this defendant kicked the "chuck hole", an opening in the cell door, pinning Plaintiff's arm in the opening, and proceeded to kick the chuck hole against his arm, while grabbing and twisting Plaintiff's arm and hand. He told Plaintiff to take his arm out of the chuck hole but Plaintiff refused. Defendant Howell continued to twist Plaintiff's arm and slam the chuck hole door against Plaintiff's arm. Plaintiff continued to refuse to move his arm out of the chuck hole. Defendant Howell continued twisting and pulling on Plaintiff's arm and also stabbed it with a pen. Then Lieutenant Johnson came to the cell. Plaintiff requested medical attention. Later that morning the med tech came by to escort him to the medical office and he was seen by a doctor.

Plaintiff was disciplined for this incident for disobeying a direct order and intimidation or threats. Plaintiff then filed a grievance, but evidently it was only related to medical care, not to his discipline or to the use of excessive force.

Plaintiff claims that defendant Brown failed to stop defendant Howell from using excessive force against him; that Lieutenant Johnson failed to obtain medical care for Plaintiff; that defendant Clark failed to act on his grievance; that defendant Schonauer failed to respond to his grievance; and that defendant Falkner did not give Plaintiff a personal copy of his grievance. Plaintiff seeks money damages for these acts.

Defendants claim first that Plaintiff has failed to exhaust his administrative remedies before bringing this lawsuit. Additionally, they claim that he has failed to allege any personal involvement on the part of defendants Clark, Falkner, Schonauer and Brown. Finally defendants

claim that plaintiff fails to allege denial of medical care. The court will address each argument in turn.

**STANDARD OF REVIEW**

In considering a motion to dismiss, the court must accept as true all well-pleaded facts and must draw all reasonable inferences from those allegations in plaintiff's favor; a complaint shall only be dismissed if it is beyond doubt that the plaintiff can prove no facts which would entitle him to relief. *MCM Partners, Inc. v. Andrews-Bartlett & Assoc., Inc.,* 62 F.3d 967, 972 (7th Cir. 1995). Furthermore, when confronted with a *pro se* complaint, the court must employ a more liberal standard of review than would be used where an attorney prepared the complaint. *Haines v. Kerner,* 404 U.S. 519 (1972); *Whitford v. Boglino,* 63 F.3d 527, 535 (7th Cir. 1995). Despite this liberal review of pleadings, federal rules still require that the complaint allege facts which would provide an adequate basis for each claim. *Gray v. Dane County,* 854 F.2d 179, 182 (7th Cir. 1988). On a motion to dismiss, a plaintiff's well-pleaded allegations of fact are taken as true and all reasonable inferences are drawn in the plaintiff's favor. *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Units,* 507 U.S. 163 (1993); *Swofford v. Mandrell,* 969 F.2d 547, 549 (7th Cir.1992). Additionally, as long as they are consistent with the allegations of the complaint, a party may assert additional facts in his or her response to a motion to dismiss. *Travel All Over the World, Inc. v. Kingdom of Saudi Arabia,* 73 F.3d 1423, 1428 (7th Cir.1996); *Highsmith v. Chrysler Credit Corp.,* 18 F.3d 434, 439-40 (7th Cir.1994). Furthermore, the court can take judicial notice of matters of public record without converting a motion to dismiss into one for summary judgment. *Henson v. CSC Credit Services,* 29 F. 3d 280, 284 (7th Cir. 1984).

3

**DISCUSSION**

1. Excessive force claim

   a. Exhaustion of administrative remedies:

   Plaintiff fails to allege that he has filed a grievance dealing with excessive force or that he has completed the administrative review process on this claim. Because Plaintiff's excessive force claim falls into the *Perez* exception, as it is a past completed act for which the grievance process offers no remedy, therefore, this exhaustion of administrative remedies is not required on the excessive force claim. *Perez v. Wisconsin Dept. of Corrections*, 182 F. 3d 532, 538 (7th Cir. 1999). However, the exhaustion requirement is relevant for both the due process and the medical care claims, discussed below.

   b. Personal involvement of defendants

   Liability under 42 U.S.C. §1983 requires personal involvement; the defendant must have acted or failed to act with a deliberate or reckless disregard of the plaintiff's constitutional rights, or others' actions violating the plaintiff's rights must have occurred at his direction or with his knowledge and consent. *Black v. Lane*, 22 F. 3d 1395, 1401 (7th Cir. 1994).*Gentry v. Duckworth*, 65 F. 3d 555,561 (7th Cir. 1995). An individual cannot be held liable in a §1983 action unless he caused or participated in the alleged constitutional deprivation. *Vance v. Peters*, 97 F. 3d 987, 991 (7th Cir. 1996). *Rascon v. Hardiman*, 803 F. 2d 273 (7th Cir. 1986)(citing *Wolf-Lillie v. Sonquist*,699 F. 2d 864, 869 (7th Cir. 42 U.S.C. §1983). Supervisors and others in authority cannot be held liable for any alleged wrongdoing on the part of subordinates pursuant to the doctrine of respondeat superior because that doctrine does not apply in §1983 actions. *Pacelli v. deVito*, 972 F.2d 871, 877 (7th Cir. 1992). *See Jones v. City of Chicago*, 856 F. 2d 985, 992 (7th

Cir. 1988).

Plaintiff's excessive force claim is against Officers Howell and Brown. Officer Howell does not take part in this motion. Since he is the one alleged to have used excessive force against Plaintiff, it is not necessary here to outline the standard for an 8th Amendment excessive force claim as applied to him. Regarding Officer Brown, defendants argue that the mere presence of the officer was not enough to show liability; however, Plaintiff may be able to prove that Officer Brown was aware of the excessive use of force and could have acted to prevent it, but chose not to do so. Because we read *pro se* pleadings liberally, we will not dismiss Officer Brown at this juncture. It is possible that Plaintiff will be able to show that Officer Brown was more than merely present at the scene. By this ruling, the court makes no comment on whether or not Plaintiff will be able to prove any set of facts implicating this officer or any other defendant.

2. Medical care claim

    a. Exhaustion requirement

Taking Plaintiff's allegations as true, as we must at this juncture, he filed a grievance regarding delay of medical care, claiming that Officer Johnson delayed his access to a doctor. However, it seems clear that Plaintiff never completed the grievance process. He makes no claim that he appealed the lack of response to his grievance. Nevertheless, for the purpose of this motion, given the extremely vague allegations addressing the exhaustion issue, the court will presume, until evidence is provided to show otherwise, that Plaintiff complied with the exhaustion requirements on the medical care claim.

    b. Substantive medical care claim

In order to allege a constitutional claim for a failure to provide medical care, Wilson must show

5

that the defendants were deliberately indifferent to a serious medical need. *Estelle v. Gamble,* 429 U.S. 97 (1976). The Supreme Court defined "deliberate indifference" and held that a prison official cannot be held liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety. *Farmer v. Brennan,* 511 U.S. 825, 837 (1994). The official must be both aware of facts from which the inference can be drawn that a substantial risk of serious harm exists and must draw that inference. *Id.* Negligence in diagnosing or treating a medical condition is not sufficient to state an Eighth Amendment claim. *Id.* at 835; *Estelle* at 106. The dissatisfaction or disagreement with the method of treatment or inability to effect a final cure does not suggest that those who treat an inmate exhibited deliberate indifference. *Snipes v. DeTella,* 95 F.3d 586, 591 (7th Cir. 1996), *cert. denied,* 117 S.Ct. 980 (1997); *Estate of Cole by Pardue v. Fromm,* 94 F.3d 254 (7th Cir. 1996); *Meriwether v. Faulkner,* 821 F.2d 408, 413 (7th Cir.).

Applying this law to Plaintiff's allegations, it is clear that he received medical attention for his arm shortly after the incident. Whatever defendant Johnson may have said or done, Plaintiff was seen by the medical tech and then by the doctor within hours of the incident. Further, Plaintiff fails to allege what his medical injuries were. Even reading his complaint liberally, as we must, the court cannot determine that there are serious medical injuries from this incident. In any case, the court finds that such prompt medical attention does not show deliberate indifference to Plaintiff's medical needs. Therefore, Plaintiff's medical claims, and hence defendant Johnson, are dismissed.

3. Due Process in the grievance procedure claim

    a. exhaustion of administrative remedies

6

The remaining defendants- Clark, Falkner and Schonauer- were not present at the January 1999 incident. They are sued because of the way they handled Plaintiff's grievance.( Plaintiff alleges that Clark did not treat the grievance as emergency, Falkner gave Plaintiff's grievance to the grievance officer without giving a copy to plaintiff, and grievance officer Schonauer failed to respond to the grievance.) Because he could have but did not exhaust his administrative remedies on the claim related to handling his grievance, he has failed to comply with the exhaustion requirements set forth in 42 U.S.C.§1997e(a) . *Accord, Perez v. Wisconsin Dept. of Corrections*, 182 F. 3d 532 (7th Cir. 1999). Nevertheless, the court will address the substantive claim on this issue, lest Plaintiff think that this claim could again be brought to this court after he completes the grievance procedure.

b. Due process claim regarding grievance procedure

For a complaint to be actionable under Section 42 U.S.C. §1983, it must allege the violation of some right, privilege, or immunity secured by the Constitution or laws of the United States. *See Parratt v. Taylor,* 451 U.S. 527, 535 (1981). Plaintiff asserts in his response to the motion to dismiss, that his due process rights were violated by the way these defendants handled his grievance.(Pl. res. 11) Under this theory, plaintiff would have to contend that a liberty interest giving rise to due process protections springs from the Illinois statutes which created the prison grievance procedure. The case of *Shango v. Jurich,* 681 F.2d 1091 (7th Cir.1982) rejects this theory. A liberty interest within the meaning of the fourteenth amendment is a substantive interest of the individual. *Id.* at 1101-02. Illinois, by statute, has created a prison grievance procedure which entitles inmates to present their complaints to the prison officials. But the

7

grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates. Only statutes or rules attaching consequences to particular circumstances can give prisoners liberty or property interests (citations omitted). *See Smith v. Peters,* 1995 WL 382953, *2 (N.D.Ill.) Thus, there is no Constitutional right to compel state officials to respond to grievances. *Id.* at *1. Finally, plaintiff must allege something more than a violation of state law to state a due process claim. *Archie v. City of Racine,* 847 F.2d 1211, 1215-18 (7th Cir.1988) (*en banc*). The failure to process plaintiff's grievances as required by state law is not actionable under 42 U.S.C. §1983. *See Azeez v. DeRobertis,* 568 F.Supp. 8, 10 (N.D. Il. 1982).[2] Accordingly, Plaintiff cannot state a 42 U.S.C. §1983 claim based on denial of access to the grievance procedure. *See Sherman v. Peters,* 1994 WL 85981,*5 (N.D.Ill.). Therefore, this claim and all of these defendants are dismissed.

---

[2]The Illinois Administrative Code provides that when the Adjustment Committee finds a prisoner guilty, the prisoner shall be informed of the opportunity to appeal through the grievance procedure. Ill.Admin.Code tit. 20, § 504.80(m) (1992). The grievance procedures are in turn spelled out in Ill.Admin.Code tit. 20, § 504.800- .870 (1992).

## CONCLUSION

It is therefore ordered that the motion to dismiss is granted in part and denied in part.[15] Defendants Johnson, Clark, Falkner and Schonauer are dismissed from this suit. Defendants Howell and Brown remain. The remaining defendants are given 30 days to file their answer. Plaintiff's motion for appointment of counsel is denied without prejudice. [22] His motion for leave to file his response to defendants' motion to dismiss is denied as moot.[23] Plaintiff did not need leave of court to file his response. To the extent that he attempts to convert his response into a motion for summary judgment, said motion is also denied. [23]

E N T E R:

RONALD A. GUZMAN
UNITED STATES DISTRICT COURT

DATED: 5/23/07