Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 5205 | **DATE** | 11/18/2002 |
| **CASE TITLE** | Jackie Wilson vs. Gregory Howell, Sr., et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter memorandum Opinion and Order. It is therefore ordered that defendants' motion for summary judgment is granted. (69-1) Plaintiff's motion for summary judgment is denied.(68-1) This case is dismissed in its entirety. Any pending motions are denied as moot.
(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | **Document Number** |
| | No notices required. | | | |
| | Notices mailed by judge's staff. | | NOV 19 2002 date docketed | |
| | Notified counsel by telephone. | | | |
| ✓ | Docketing to mail notices. | | docketing deputy initials | 91 |
| ✓ | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | | |
| | Copy to judge/magistrate judge. | 02 NOV 18 PM 3:00 | NOV 19 2002 date mailed notice | |
| TP | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JACKIE WILSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Judge Ronald A. Guzmán |
| ) | |
| GREGORY HOWELL, SR., et al. ) | 00 C 5205 |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, currently an inmate at Pontiac Correctional Center, has brought this pro se civil rights action pursuant to 42 U.S.C.§ 1983, claiming that while he was incarcerated at Joliet Correctional Center, defendants used excessive force against him, failed to provide him with medical treatment, and failed to act on his administrative grievances. All defendants except Gregory Howell, Sr. and Pamela Brown have been dismissed. All claims except excessive use of force have also been dismissed. Before the Court are summary judgment motions of plaintiff and defendants Gregory Howell, Sr. and Pamela Brown. For the reasons provided in this Memorandum Opinion and Order, defendants' motion for summary judgment is granted, plaintiff's motion is denied, and this case is dismissed in its entirety.

## DISCUSSION

DOCKETED
NOV 19 2002

Summary judgment will be granted when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Celotex Corp.*

1

*v. Catrett*, 477 U.S. 317, 322 (1986); *O'Connor v. DePaul Univ.*, 123 F.3d 665, 669 (7th Cir. 1997). In weighing a motion for summary judgment, the court must take the facts in the light most favorable to the party opposing the motion and draw all reasonable inferences in that party's favor. *Bahl v. Royal Indem. Co.*, 115 F.3d 1283, 1289 (7th Cir. 1997); *Condo v. Sysco Corp.*, 1 F.3d 599, 601 (7th Cir. 1993). The party opposing the motion must present evidence of a triable issue of material fact. *See Vance v. Peters*, 97 F.3d 987, 990 (7th Cir. 1996). The non-moving party is required to go beyond the pleadings and designate specific facts showing a genuine issue for trial. *Bank-Leumi Le-Israel, B.M. v. Lee*, 928 F.2d 232, 236 (7th Cir. 1991). A fact is material when it would determine the outcome under the governing law. *Whetstine v. Gate Rubber Co.*, 895 F.2d 388, 392 (7th Cir. 1990). A material fact is genuinely in dispute when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

This case has a long procedural history regarding service issues and identification of defendants. Relevant to the motion now before the Court is the timing of the identification of Gregory Howell, Sr.; that is, whether or not it is too late for plaintiff to add him as a defendant. Specifically, does the statute of limitations bar plaintiff's ability to bring Gregory Howell, Sr., into this case? If so, the case must be dismissed. Regarding defendant Pamela Brown, was she personally involved with the alleged excessive force plaintiff claims that Officer Howell, Sr., used against him? If not, then the court's determination regarding the statute of limitations barring suit against Gregory Howell, Sr., would also necessarily bar the claim against Pamela Brown because she was not alleged to have been involved in the excessive force claim. Even before the Court reviews these procedural issues, however, there is another issue that must be

2

revisited, that of exhaustion of administrative remedies.

## A. Previous Ruling on Exhaustion of Administrative Remedies

In its May 25, 2001 order, the Court based its decision that plaintiff did not have to exhaust his excessive force claim on case law that has since been modified by Supreme Court and Seventh Circuit law. Cases since that time have clarified that the exhaustion requirement applies to all prison conditions claims. In his complaint, plaintiff states that his grievance was "missing" and he fails to allege that he grieved the only remaining issue in the case, excessive force by Officer Howell, Sr.

Under 42 U.S.C. § 1997e(a), the court is directed to dismiss a suit brought *in forma pauperis* if the court determines that plaintiff has failed to exhaust his administrative remedies. *Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Booth v. Churner*, 532 U.S. 731, 741 (2001); *Johnson v. Litscher*, 260 F.3d 826, 830 (7th Cir. 2001); *Massey v. Helman*, 259 F.3d 641, 645-46 (7th Cir. 2001). It now appears to the Court that plaintiff failed to complete the exhaustion requirement on the excessive force claim. This alone serves as a basis for dismissal of this case. However, even if the Court proceeds to the procedural hurdles in this case, this case would not survive defendants' summary judgment motion.

## B. Statute of Limitations: Defendants Gregory Howell, Sr. and Pamela Brown

### 1. Gregory Howell, Sr.

On August 24, 2000, plaintiff brought this complaint, claiming that Gregory Howell, Jr., an officer at Stateville Correctional Center, used excessive force against him on January 5, 1999,

by slamming the cell "chuck hole" door on his arm. He further claims that Officer Pamela Brown could have stopped this use of force but did not do so. All of plaintiff's other claims were dismissed by this Court in its May 23, 2001 order. After the statute of limitations ran, plaintiff identified in a deposition that Gregory Howell, Sr., not Jr., was the proper defendant. The time line in this case is as follows:

Alleged incident occurred **January 5, 1999**

**8/24/00 Plaintiff files case**
10/04/00 summons issued
2/26/01 service executed as to defendants Howell, Jr., and P. Brown
5/23/01 motion to dismiss granted in part; defendants Howell, Jr. & Brown remain
6/20/01 appearance and answer filed for Howell, Jr.
9/24/01 answer by P. Brown and appearance for P. Brown
      Deposition of plaintiff wherein he identified Howell, Sr. NOT Jr. as proper party
11/26/01 Plaintiff granted leave to submit amended complaint naming Howell, Sr.
12/03/01 summons issued for Howell, Sr.
**01/03/02 return of service executed as to Howell, Sr.**
1/25/02 answer by P. Brown
2/01/02 appearance and answer to amended complaint for Howell, Sr.
3/05/02 plaintiff's motion for summary judgment
3/15/02 defendant Howell Sr and P. Brown motion for sum judgment

*Wilson v. Garcia*, 471 U.S. 261 (1984), held that 42 U.S.C. § 1988 requires federal courts to borrow and apply a state's personal injury statute of limitations to all section 1983 claims. The applicable statute in this instance is 735 ILL. COMP. STAT. 5/13-202 (1992), which provides that actions for damages shall be commenced within two years next after the cause of action accrued. *See Booker v. Ward*, 94 F. 3d 1052, 1056 (7th Cir. 1996) (citing *Farrell v. McDonough*, 966 F.2d 279, 282 (7th Cir. 1992)); *Kalimara v. Ill. Dep't of Corr.*, 879 F.2d 276, 277 (7th Cir. 1989). The statute of limitations is not tolled even though the plaintiff may not know the wrong done to him is legally actionable. *Tate v. Beverly Chrysler Plymouth*, 182 Ill. App. 3d 830, 837, 538

4

N.E.2d 663, 667 (Ill. App. 1st Dist. 1989). Further, Illinois no longer tolls the statute of limitations for inmates. *See Wilson v. Giesen*, 956 F.2d 738, 741 (7th Cir. 1992); *Knox v. Lane*, 726 F. Supp. 200, 201-02 (N.D. Ill. 1989).

At the time the plaintiff filed this lawsuit, it was within the two-year limit, if he sued the proper parties at that time. In this case, plaintiff did not. Therefore the Court must determine whether or not when plaintiff did finally name the correct party, Gregory Howell, Sr., outside the two-year statute of limitations, the doctrine of "relation back" would allow the filing to be timely. Plaintiff had not named the proper defendant, presumably because he did not know his correct name. He insisted that Gregory Howell, Jr. was the proper party even after this defendant filed an answer, on June 20, 2001, stating that he was not employed at Stateville Correctional Center at the time of the incident. It was not until his deposition on November 13, 2001, that plaintiff was shown pictures of various correctional officers, and he then failed to identify Gregory Howell, Jr. as the correct defendant. After that, he filed his amended complaint naming Gregory Howell, Sr. long past the statute of limitations time period.

This lack of knowledge of the correct defendant, albeit a common problem in prisoner *pro se* suits, is, unfortunately for this plaintiff, not a reason to allow the relation back to the date of filing of the complaint. FED. R. CIV. P. 15(c); *Wood v. Woracheck*, 618 F. 2d 1225, 1227-28 (7th Cir. 1980) ("[A]mendment with relation back is generally permitted in order to correct a misnomer of a defendant *where the proper defendant is already before the court and the effect is merely to correct the name under which he is sued. But a new defendant cannot normally be substituted or added by amendment after the statute of limitations has run.*") (emphasis added); *see Delgado-Brunet v. Clark*, 93 F.3d 339, 342-43 (7th Cir. 1996); *Worthington v. Wilson*, 8 F.3d

1253,1256 (7th Cir. 1993); *Capdevila v. Sheahan,* No. 94 C 3345, 1995 WL 399690, at *4 (N.D. Ill. July 6, 1995). Further, Rule 15(c) provides that an amendment of a pleading will relate back to the date of the original pleading when "(3) . . . the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party." FED. R. CIV. P. 15(c)(3). As defendants point out, according to *King v. One Unknown Federal Correctional Officer,* 201 F.3d 910, 914 (7th Cir. 2000), the proper party who was not named must be chargeable with knowledge of the mistake.

In this case the names of the wrong defendant and the right defendant are very similar. They may even be son and father, though no one has presented evidence of this. Nevertheless, they are different people and the change in name is not a simple correction of the same party's name. Because Gregory Howell, Sr. was not already before the Court and could not be chargeable with knowledge of the mistake, he would have had to be named within the statute of limitations time period. He was not. Ironically, however, Gregory Howell, Sr., submits an affidavit saying that he received summons and the complaint on either of two dates, December 1999 or January 2002. This makes absolutely no sense. This case was not even filed until August 24, 2000; therefore, there could have been no service of anyone in 1999. The Court finds that this statement is therefore an error by this defendant. It is imperative, particularly in a case in which dates are crucial, that both the signatories and their lawyers do a better job of proofreading what they sign before they submit such documents to this Court. Further, plaintiff alleges in his response to the motion for summary judgment that defense counsel had knowledge

that Gregory Howell, Jr. was the wrong defendant. Of course, the Court notes that the record reflects this; this defendant said he was the wrong defendant in his answer.[1]

However, the Court cannot assume that defense counsel also knew who the correct defendant might have been, or that counsel should have known this information within the time before the statute of limitations had run. Plaintiff presents no evidence, as required in a summary judgment motion, that defense counsel knew or should have known who the plaintiff really wanted to sue. For the above reasons, plaintiff's claim against Gregory Howell, Sr. must be dismissed as time-barred.

### 2. Pamela Brown

Plaintiff failed to allege that defendant Brown was personally involved with his excessive force claim against Gregory Howell, Sr. Instead, in his deposition he states that defendant Brown was at the "back of the gallery" still serving food, at the time of the incident. (Pl.'s Dep. at 54.) Such a statement clearly shows that she was not present at the time of the incident. Since she had no independent involvement with the incident, she is only sued as a "standby officer," someone sued for not intervening to prevent someone else from violating plaintiff's Eighth Amendment right to be free from cruel and unusual punishment. The claim against her fails because she was not present at the scene and therefore could not be described as a standby officer. *See Lanigan v. Vill. of East Hazel Crest, Ill.*, 110 F. 3d 467, 477 (7th Cir. 1997); *Yang v. Hardin*, 37 F.3d 282,

---

[1] Unfortunately for plaintiff, the fact that he waited a year and a half after the incident to file his lawsuit, means that there was little time left to make any corrections to his case once the parties were served. Plaintiff is right that the Court did allow him the opportunity to name the correct defendant. It is also true, however, that it was too late for plaintiff to correct this defect in his pleading; the Court while, allowing an amendment, could not and would not override the requirements of the statute of limitations.

7

285 (7th Cir. 1994).

## CONCLUSION

It is therefore ordered that Defendants' motion for summary judgment is granted [doc. no. 69]. Plaintiff's motion for summary judgment is denied [doc. no. 68]. This case is dismissed in its entirety. Any pending motions are denied as moot.

**SO ORDERED**                                    **ENTER:**

*Ronald A. Guzman*
**HON. RONALD A. GUZMAN**
**United States Judge**